Illinois Appellate Court Second Division is now in session. Honorable Justice, Reina Marie, and time is presiding. Good morning, everyone. Please be seated. And, uh, counsels for Appalachia Police, if you would please approach. Would you please state your names and, uh, who you represent, starting with the appellate? John Amarillo for Appendant Union Pacific Railroad. Good morning, Your Honor. It's Michael Rassak on behalf of the plaintiff, Appellate Jeff Kozik. Thank you. And, uh, please be seated. Okay, so each side will have 15 minutes to present their arguments. Um, Mr. Amarillo, are you reserving any time for rebuttal? I could use five minutes, Your Honor. Okay. All right. Um, and you may start. Madam Presiding Justice, and may it please the Court, what happened in this case is exactly the opposite of what the legislature intended when it created Certificates of Good Conduct. The question for this Court is whether that's tenable, and I respectfully suggest that the answer is no. Why? Because the law is crystal clear that when you have a statute and a Supreme Court rule that potentially conflict, they should not be read to conflict unless that conflict is direct and irreconcilable. In other words, if there is any reasonable way to read the two harmoniously, that is what the Court should do. And this is because the legislature and the courts, of course, are co-equal branches of government with overlapping jurisdiction in this area, and because of the strong presumption in favor of the constitutionality of a statute, which is a concept that my brother counsel simply refuses to wrestle with in his briefing. The finding of a conflict here would be a finding that there's been a violation of the separation of powers, Article 2, Section 1 of the Constitution, which means it's a finding that the statute is unconstitutional. Now, I recognize that this is our appeal, but we're dealing with de novo review, and the burden here is exclusively on the plaintiff to prove that there is a direct and irreconcilable conflict and to prove that the statute is unconstitutional despite the presumption in our favor. And he just doesn't clear that very high bar. I think context always matters. It especially matters here, though. The statute that we're dealing with was enacted only for a very limited and narrow purpose, to help offenders overcome certain employment and housing bars. Now, we know that because the statute expressly says it. It says what it's to be used for. It says what it's not to be used for. And one of those express limitations is found in Section 25b2, which says that certificates of good conduct shall not, shall not be used to limit or prevent the use of a prior conviction for impeachment. Now, this Court said in Coffman, and the Supreme Court has said many times, that when the legislature creates a right that didn't exist at the common law, it's free to define the parameters and limitations on that right. Certificates of good conduct, it's undisputed. They have no antecedent in the common law. So when the legislature created them, it was free to set those kinds of guard rails around it. That's what it did here when it created them. And it said they should not be used to exclude prior convictions. It wasn't infringing on the Supreme Court's rulemaking power. It was simply defining its own creation. Now, did you find anything that tells us what a certificate of rehabilitation is? No, Your Honor. And I'm glad you brought that up. That is, that was not defined when the Supreme Court adopted Rule 609C from the Federal Rules or when the Supreme Court put the Montgomery Rule in place. So what the Court was doing there was adopting a term different than the term that we're dealing with here, which immediately tells us something that's very important. We don't have a direct conflict. And most, you could describe it as an indirect conflict, which I don't think it is, but I think that's the best-case scenario for the plaintiff. And if it's an indirect conflict, the plaintiff's argument fails from the outside. Going to that ---- Well, but counsel, it says a certificate of rehabilitation in Rule 609 and the statute of certificate of good conduct. The certificate is only granted if there is proof by clear and convincing evidence that the citizen is fully rehabilitated. Doesn't that sound a little bit like a certificate of rehabilitation? I agree that there has to be a rehabilitation finding, but I think if you equate the two, despite the fact that the legislature was very specifically and deliberately using a different term, then you're just buying into the assumptions that are undermining plaintiff's argument. Well, but if we accept your argument, that means that what Rule 609 is talking about when it says certificate of rehabilitation does not exist in Illinois law at all. I agree. That's kind of an odd conclusion to reach, isn't it? I don't think it is because ---- The Supreme Court was just talking about something that doesn't exist? The Supreme Court, when the Supreme Court enacted Rule 609C, it took it from the Montgomery Rule. The Montgomery Rule was taken from the federal rules. Federal rules have nothing called a certificate of rehabilitation either. It doesn't exist in federal statute or federal common law. There's ---- Okay, so it may not exist under that title, certificate of rehabilitation, but there have been certificates in various sort of proceedings in federal law that have been found to fall under certificate of rehabilitation, right, under that phrase. In state law. I'm not sure what you're referencing when you say federal law unless you're ---- Okay, maybe I'm misspeaking here. My understanding is 609, R609 was patterned after the federal rule. Correct. And you're saying the federal law does not have something called a certificate of rehabilitation either. Correct. But there have been certain proceedings that have been certain kinds of certificates you can get under federal law that have been found. Okay, let me say that differently. There have been rulings from courts that federal Rule 609, that phrase, does encompass various things in various states, right? There have been, they may not be called certificate of rehabilitation, but the courts have said it's close enough. It, yes. Okay. And why wouldn't this section 1.5, you know, the Uniform Code of Corrections says 1.55-25. Why wouldn't that likewise, even though not expressly entitled as certificate of rehabilitation, fall within that language? Because the legislature was specifically deciding not to call what it was creating a certificate of rehabilitation, even though the rehabilitation finding is required. But you could say that about those other cases. Well, I don't know that you necessarily could because Illinois' law, unlike those other cases that you're referencing, specifically has a provision saying that they cannot be used the way certificates of rehabilitation are used. In 25B generally, 25B-2 is one example where they can't be used the way certificates of rehabilitation are used. But that entire section or subsection distinguishes them from certificates of rehabilitation. And remind me, which of these came first? Avoidance. Rule 609 or the statute? The statute came a few years before Rule 609 was codified in the Rules of Evidence, but the Montgomery Rule had been around for decades. I think by the time it was codified, it had been cited something like 1,700 times. So the Montgomery Rule, which is word for word, 609C, was well known to the legislature, not only because of the judicial presumption that the legislature knows what the law is, but because this was hornbook law stuff. This is the kind of stuff that you see in bar exams. Yep. Sure. So even if the conviction was improperly excluded, which is your position, right, how is the plaintiff or how are you, the defendant, prejudiced? I think we're prejudiced both on the liability and the damages issue. On liability, Your Honor, the probative value of this evidence really can't be overstated in this case. It was going to be, this conviction was set to be Union Pacific's primary defense, and the plaintiff knew that, which I would respectfully suggest, and I'm not putting this on my brother or counsel to be very clear, that is why Union Pacific was sandbagged with this less than a month before the trial. Even though plaintiffs had the certificate of conduct, or good conduct, for more than a month prior to that, and then that was followed up, and this is all in the record, I'm not saying anything that's outside of the record, with a settlement demand, because they knew the value this had to us. How did that change your trial strategy? Well, because we could no longer attack his credibility, at least not in anything approaching or convincing way. In what way was credibility an issue in the trial? It was both liability and damages. On liability, we have to remember that this was an unwitnessed accident. There was no direct evidence supporting the plaintiff's theory. So his theory rests first and foremost on his claim that he doesn't remember it, that he suffered from amnesia as a result of the impact. I think it's equally as plausible that he tripped or collapsed, he remembers it, and he perjured himself. After all, he's lied to employers before. He's lied to his prior employer that he embezzled from. He lied to Union Pacific when he applied. He lied to Union Pacific when he was employed and he was supposed to report his conviction, and he didn't. And we know, I'm not just making up that he could have tripped and fell, we know that he suffered from a prior history of migraine-induced dizziness, loss of balance. His own treater, Dr. Young, testified that his injury could have just as easily been caused by hitting the ground rather than a falling object. Plaintiff's argument here that he, and I thought this was creative for my brother counsel, but his argument that he would have come up with a different lie if he really remembered what happened, I think what he's really asking you there is to believe or to speculate on how a liar would have lied if he had been lying. I want to go back, if I can, to the Montgomery rule. Did the Montgomery rule, when the Court, you know, adopted 609, in the Montgomery case, did they incorporate the conviction as being the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence? I'm sorry, I don't understand the question, Your Honor. Well, the Montgomery rule allows for a felony conviction to be used for impeachment. It allows for a conviction questioning someone's veracity. The felony has to be within 10 years. But did the Montgomery decision also incorporate that you couldn't use, and then, of course, there's the Court has to weigh. I'm sorry, my throat's a little scratchy. The Court has to weigh whether or not the introduction of the conviction will outweigh, the prejudice will outweigh the probative value. So, but when the Montgomery rule was written, did it have this section about that evidence of a conviction is not admissible if the conviction has been the subject of a pardon, annulment? Was that all in the Montgomery decision as well? I believe it is, Your Honor, because they took it directly from Federal Rule 609. Okay. All right. Yeah. If I could finish my answer to your question, Justice Van Tine, on damages. And I should have mentioned this at the beginning of it. We have to consider the lens that we're looking at that question through. I think that's really important. This is not a true balancing test. The scales start tipping heavily in our favor because convictions involving crimes of dishonesty press heavily in favor of admissibility. This Court said that in Stokes, in Torres, in a lot of other cases. The risk of unfair prejudice has to substantially outweigh the probative value of the conviction. Which brings me to the question of damages. Even if the Court were to grant a new trial completely, I think you absolutely have to have a new trial on damages because plaintiff's evidence of traumatic brain injury is based entirely on his subjective complaints and his descriptions to his treaters. All of his treaters acknowledge that. Dr. Kassar, who began treating him soon after this injury, treated him for many months thereafter, found no evidence of head trauma. No evidence of speech or memory impairment. No evidence of cognitive delays. He only diagnosed a concussion because of what plaintiff told him. Dr. Applebaum, our imaging expert, found no objective evidence on the CT scan, the MRI scan, the SPECT scan of traumatic brain injury. So if jurors believed that plaintiff was inventing or even just exaggerating his symptoms to his treaters, then they would have very good reason to doubt his treaters' conclusions. Their conclusions, rather, about his condition. Can I go back to liability? So I think what Mr. Ratzak said in his brief, or I'll just say it. So your theory would be, if you had this evidence, whether you did or not, you want to challenge the credibility of the plaintiff's testimony. And your argument would have to be that he's lying when he said he doesn't remember, and, in fact, he does remember. So he, and I think what Mr. Ratzak was getting at was, if you're willing to lie, right, would you, you tripped and fell, or you had a dizziness episode, you know, one of those things. It's not your fault. Not Union Pacific's fault. If you were going to lie, would it make more sense to lie by saying, I don't remember what happened, or would it make more sense to say, something fell and hit me in the head? Well, maybe he didn't know how, but he knew that this could be potentially compensable. He didn't know how best to proceed, and he decided to just say, I don't remember, to buy himself some time. Those are questions for a jury to decide. Yeah. Yeah, they are. Okay. If we were to reverse and remand for a new trial, by the time you've tried the case, the conviction will be more than 10 years old, right? Yes, Your Honor. However, there's a tolling provision in the statute that would allow for its admissibility. Aren't there cases that say that as well? There are, Your Honor. We cite one, I believe, in our brief, in a footnote. Apologies for the footnote. Are you familiar with the fact that in the statute, it says that a certificate of good conduct is not to be confused with a pardon? Yes, Your Honor. Did you cite that at all? We don't discuss that in our briefing, no. Do you think that was important? Well, I think what they were doing there was respecting the governor's powers, which is distinguishable from what we're dealing with here. It gives us some look into what the legislature meant when they said, you know, a certificate of good conduct is not to be, you know, confused with a pardon. They're not equal. Yes. I think that point could cut both ways. I'm not sure which one you're suggesting would favor. Well, I think I'll ask Mr. Ratzak what he thinks about it. I was asking you. Well. If it's not to be confused with a pardon, it's not the equal of a pardon, then a certificate of good conduct is not like, it's not an equivalent procedure. I mean, that's where I'm going with it. I'll ask Mr. Ratzak. If the legislature wanted a certificate of good conduct to be a certificate of rehabilitation, why not call it a certificate of rehabilitation? Sure. As so many other states have. Why include subsection B? Well, actually, there aren't a lot of states that have. I think we just talked about this earlier. There's not a lot of states that have what is specifically called a certificate of rehabilitation. Right. As a handful of other states. Yes. I misspoke there. I apologize. Yeah. And some of them call it something else, but it's like a certificate relieving someone of the disability of employment, housing, and, like, medical, you know. Occupational licensing. Yeah. Yeah. But they knew the term was out there. It had been a part of the Montgomery rule for 40 years, something like that at that point. And they specifically included section B listing all the ways it should not be used, the way certificates of rehabilitation should be used, because it was distinguishing them from certificates of rehabilitation. Clay keeps saying in his briefing, this is so clear, this is so clear. If it was so clear, then why would the legislature choose to use this different term? That doesn't make any sense, especially a term that had been known to the legislature. It could have avoided all of this if Mr. Ratzak was correct. Can I ask you something on a different topic?  You lay out that your theory is that the plaintiff acted in bad faith by going and getting this certificate without telling you, without giving you a chance to weigh in and maybe said some things to the court that, to that court that weren't accurate. What is, is that relevant to us? Does that help us at all in our, does that matter in this appeal? And if so, how? Why does that matter? Whether we were prejudiced by the exclusion of the evidence. No, no, no, that's not why you were prejudiced. I don't see what that has to do with how you're prejudiced. Why does that part of the story matter to us? Why does how they obtained the certificate, how does that play into our resolution of this appeal? I think it gives, we included that because I think it gives the court some color about what happened here and explains some of the trial court's thinking. That's primarily why I included it. The trial court said it was very troubled, that's a direct quote, by the consequences of its own ruling. And I don't think that quote, which is important to us for obvious reasons, would have made much sense without providing you with that context. But how does it help us resolve this appeal? Strictly on the law? It doesn't. It doesn't, right. Okay. Justice McBride, it occurred to me that I didn't fully answer your question in one way, and I apologize for that. I'd like to return to it. Sure. The last clause of 609C that you referenced, Plaintiff argues that it actually supports his argument. But I think it's worth digging down on that for a couple of reasons. First, I think it's wrong because it just assumes that certificates of good conduct are certificates of rehabilitation. So what Plaintiff is doing there is using his conclusion as a gloss to interpret that last clause of 25b-2. But more importantly, it's wrong because it would render all of the preceding language in 25b-2 completely meaningless. The legislature said that certificates of good conduct shall not prevent the use of convictions to impeach. Then it says, in the very same sentence, were otherwise authorized by the applicable rules of evidence. Now, if that language is meant to defer to 609C, as Mr. Ratzak argues, then what 25b-2 actually says, according to Plaintiff, is that certificates of good conduct shall not prevent the use of convictions to impeach, except always because they're certificates of rehabilitation. That is utterly meaningless. That can't possibly be the case. The more reasonable understanding is that that clause simply refers to the statutory and judicial rules of evidence generally. I think Plaintiff's argument might make more sense, to be fair about it, if he was pointing to another statute, which is what you see in other cases that don't involve a direct conflict. They're pointing to another statute to identify a conflict. That's not what's here. Or even maybe another rule to explain what a certificate of good conduct is. But instead, he's looking to one part of the statute, 25a-6, to define it, what a certificate of good conduct is, right? Then he's looking to the next subsection. He filters that through 609C to argue that that, another part of that same statute, 25b-2, is unconstitutional. Then he points back to that last clause in 25b-2, the same supposedly unconstitutional sentence, to argue that it supports his view. I think that's a pretzel of logic. Could the Supreme Court decide that they want this proceeding, that they – that they – how am I trying to say this? If you want to certify it. There's a conflict between the two that the Supreme Court rule controls, right, on a question of evidence? If there's a direct and irreconcilable conflict, yes. Yeah, but if there's a conflict, the Supreme Court rule trumps. Yes. Right. So could the Supreme Court – could a Supreme Court rule, I'll speak more generally, decide that this statute does fall within its purview and its, you know, certificate of rehabilitation, even if the legislature doesn't want it to? If the Supreme Court review did, absolutely. Isn't that kind of Mr. Rasek's argument? The rule incorporates whether the statute likes it or not, whether the legislature likes it or not. Well, it's his interpretation of the rule. If the Supreme Court is actually saying this is our interpretation of it, then I think that's a different question. Remember, the Supreme Court ruled commentary. They said that there's no conflict. And that's not dispositive itself, but I think it's indicative. So you said the Supreme Court says that there's no conflict? In the commentary to the rules of evidence. Okay. In 101? Yes. And that Rule 101 predates both the statute and 609? No, neither. It does not? No. Okay. When was Rule 101? That was passed when the rules were codified, I believe, in 2010. The statute came a few years before that. In 2004, I believe. The good conduct statute. Yes, ma'am. It came in 2004. The Supreme Court rule became effective in January 2011, right? I want to say January 1, 2010, but maybe it was 2011. I think it was 2011. Okay. If there are no other questions, I'll reserve my time. Thank you. Mr. Raczak. Good morning, Your Honors. Good morning. I'm Michael Raczak. I'm here on behalf of the plaintiff's appellate, Jeff Kozik. Justice Ellis's, I think, last point is where I would begin. The Supreme Court issued a rule, which I suggest is very plain on its face. And that rule conflicts with the statute. And the Supreme Court is in a position so that it can't govern over a statute. And it has shown, I'm referring to the DeRue case, it has shown that when the Supreme Court wants an outcome, it realizes that it has the authority to have that outcome when it comes to procedure and especially evidence. And in the DeRue case, specifically, the court, it points out, the court amended a rule knowing that the rule would, in fact, conflict with the statute. So we know that. We're going to do it anyway. Your conflict, though, is based pretty much on that you're suggesting that this conviction has been the subject of a pardon, an annulment, or other equivalent procedure based on a binding. So let's go to the Certificate of Good Conduct statute. What was the purpose of that? Was it to relieve someone of being able to be impeached with a felony conviction? Or was the purpose something different? I don't believe that the legislature was looking to impeach. The legislature was looking to relieve people from disabilities of various natures, housing issues. It's an overall trend in the country. You can see it in some of the other statutes in other states. They wanted to make it easier for people to get jobs, to get into school, to not have a problem with a single conviction hanging over their head. And I think you argued to the trial judge that another purpose was to prevent impeachment of someone that had a felony conviction that has been rehabilitated and then got the certificate. The statute does – the statute, in fact, says that you can. I mean, the legislature – clearly, the legislature wanted impeachment to occur. And the point here is that the – Well, so wait. You're saying that the legislature in this statute did announce that impeachment could be used of a conviction even though there was a Certificate of Good Conduct issued? Yeah. I'm sorry. In subsection B-2, a certificate shall not limit or prevent the introduction of evidence of a prior conviction for purposes of impeachment. Okay. So that's not – So why didn't the judge allow it then? Because the Supreme Court ruled – well, it rules the statute. Okay. So we're back to – Yeah, we're back there. So let me ask you this. The statute says it's definitely not supposed to be a pardon or anything like it. It's not an annulment. You agree? So – and then it moves on to other equivalent procedure. So, I mean, what case would you say supports the notion that a Certificate of Good Conduct issued to relieve someone of certain disabilities is an equivalent procedure to a pardon or an annulment? It's not the statute. It's the rule that has that language. And the rule says that the conviction is not admissible if it's subject to a Certificate of Rehabilitation or other equivalent procedure. It doesn't say – there's no – maybe I'm looking at this incorrectly. I'm sorry. It's the Supreme Court rule, 609C. Yeah. 609C says the conviction is not admissible if the conviction has been the subject of a pardon, an annulment. It's not the statute.    No, we don't have those. A Certificate of Rehabilitation or other equivalent procedure. And it goes on to say that whatever the procedure was, it had to show that the party applying for it had to show rehabilitation. So our point is quite simply that a Certificate of Rehabilitation or other equivalent procedure encompasses, incorporates a Certificate of Good Conduct because one thing we know for certain is that you cannot get a Certificate of Good Conduct unless the court finds that you have been rehabilitated. Okay. By a clear and convincing evidence. And that occurred. Neither of the parties here have really provided us with any clear definition, clear evidence, clear case law that tells us what a Certificate of Rehabilitation is. We don't have such a thing in Illinois. But are you saying we do? It's not been defined. But it's been used by many states. It's been used by the Federal Government for years and years. And I would suggest it's got a common meaning. It doesn't need to be defined. We know we have it here. We know we have a Certificate of Rehabilitation. I mean, what cases are you citing? Because I think there are a number of cases that say that a Certificate of Rehabilitation or whether, I'm sorry, something that relieves a person of a disability such as employment, that that doesn't really go to their credibility. For purposes of a later suit. In the process of getting that certificate, if you've proved rehabilitation, then you've brought yourself within the Illinois rule, Rule 609. Because you have, in fact, proved rehabilitation. And once you've proved rehabilitation, which you have to do under the Certificate of Good Conduct, now you've come within Rule 609. Well, what do we know about that proceeding, the one that was held? We know that the Court found by clear convincing evidence that he proved rehabilitation and satisfied the statute. And in that same petition, did he suggest that he was looking for employment? I believe that he did. And then didn't he later say that that wasn't true? I mean, should we really get into that proceeding? The trial court judge, and I cited the only case I could find really at that point that said, you can't go behind those proceedings. It's going behind another judge's finding, which is what the trial court judge did here. And one reason you can't, you shouldn't have to be able to go back behind the finding of rehabilitation is because we don't know what happened there, because there's no record, because the defense didn't bring anything in on that. They didn't ask for it. But we do know what happened after he appeared before that trial court judge. Yes, he was. So does his dishonesty in procuring the Certificate of Good Conduct, to that unterritorial analysis, is that evidence of rehabilitation or lack thereof that the trial judge should have taken into account? I would disagree strongly on that one. We don't know that he – there's no evidence that he lied before the judge in the criminal court when he got his certificate of rehabilitation. We don't know what else occurred there. For all we know, there could have been a long discussion that ameliorated the issue. We know what went in and we know what came out, but we don't know what happened in between. Without knowing what happened in between, how do we know why the trial court judge did as they did? They used their discretion at that point, and there's a vacuum there. Do you agree that the trial court judge should use his discretion? No. But this judge didn't, right? No. He never did the 403 analysis. No, no, I'm sorry. The judge that – the criminal court judge that made the finding of rehabilitation, that judge was using her discretion when Mr. Kosick appeared there and apparently had a proceeding before her, and that judge looked at everything in the record, heard whatever happened there, and we don't know what it was, and ruled that he had fulfilled the statute. Once that's done, unless this Court's going to go back and open that door up, what would happen then? Would we go back down and have another look? But doesn't the trial judge who presided over the trial have more information than the criminal court judge? Not at all. The trial court judge in this case does not know what happened before the criminal court judge. But they weren't there. We have no record of the case, of what happened in the trial. It's like going back to a trial before this trial and seeing what happened in that trial. That would require opening all kinds of doors. It would require a new hearing to see what they want to do is challenge the outcome from the certificate of good conduct. What did the legislature mean, Mr. Ratzsack, when they said a certificate of good conduct shall not limit or prevent the introduction of evidence of a prior conviction for purposes of impeachment of a witness in a judicial or other proceeding were otherwise authorized by the applicable rules of evidence? So under those rules, we know that there are certain convictions that can be used to impeach. So I guess that's what were otherwise authorized means to me. But what did the legislature tell us when they said that a certificate of good conduct shall not limit or prevent? They used words and the words mean what they meant. The point is those words do not control here because the Supreme Court rule prevails over a State statute. Well, I guess that's if you're correct. Yes. If you're correct that a certificate of good conduct is anything resembling a pardon, an annulment, a certificate of rehabilitation, which we do not have in Illinois, or you're not saying this is a certificate of rehabilitation. You're saying it's an equivalent procedure. It's an equivalent procedure. That's correct. So if you're wrong about that, okay, then what did the legislature mean when they said that this shouldn't limit the introduction? And that's my point. The Court cannot get to what the legislature meant when there's a conflict with the Court. Well, I think we can. I think they said it. They said a certificate of good conduct. They didn't say a certificate of rehabilitation. But to get to that point, the Court first has to find that a certificate of good conduct is not in otherwise the equivalent procedure. Okay. I think we're on the same page with that. I don't think so. Because here, we have to look at the purpose, don't we, of both the statute and the rule. I disagree. The first thing we do is look at the rule, not the statute. It doesn't really matter what the legislature did. I mean, I think what you're saying is that this rule automatically trumps the legislation, and it trumps it because you're saying a certificate of good conduct is absolutely the equivalent procedure or it is the same as a certificate of rehabilitation. That's right. Now, I mean, what is a certificate of rehabilitation? A certificate of rehabilitation is a certificate that you obtain, a fine that you obtain, when you, in fact, have shown the Court you have rehabilitated yourself. Whatever that means. What are you relying on to tell us that? I rely upon the finding of the criminal court judge that said this person was rehabilitated. Okay. I mean case law. There's no case law. Well, I think there is some case law, but I'm just looking for what you think the definition in the cases, wherever you can find it, would tell us that a certificate of rehabilitation is equal to a certificate of good conduct. Because a certificate of good conduct requires a finding of rehabilitation. And a certificate of rehabilitation presumably requires a finding of rehabilitation. So you have two different things, the certificate of good conduct and a certificate of rehabilitation, that require the same thing, a finding of rehabilitation. And rehabilitation, I think it's a common word, it means you've rehabilitated yourself. You've brought yourself back into society. You've led a good life. It's all the things that you need to show to get a certificate of good conduct. Does it matter what the purpose of the certificate of good conduct is about? No. Does it matter what Supreme Court Rule 609 is about? There is a difference, wouldn't you say? Is one a search for the truth? And one is to relieve offenders of the disability of employment? Housing? But once you are rehabilitated, the rule says, the Supreme Court rule does not look to see why you were rehabilitated. It doesn't look behind the rehabilitation. You either were or you weren't rehabilitated. That's all the rule looks for, and that's what happened here. He was rehabilitated. Again, though, it has to be based on your definition, that one is the other. And along those same lines, when we're talking about rehabilitation, it's rehabilitation vis-a-vis employment. Rehabilitation vis-a-vis housing, not necessarily rehabilitation in terms of everything else, including having a criminal conviction being used at trial. The certificate of good conduct, in my estimation, doesn't say that. Certificate of good conduct says you need to be rehabilitated. To get the certificate of good conduct, to help you do those things, you need to show rehabilitation. It doesn't say anything about rehabilitation in a limited sense. And I don't think there's a case in the country that talks about these kinds of things, that talks about that. Excuse me. The purpose of the statute is to not let a crime that may have some years on it be an albatross around your neck. Exactly. It means at some point you should be able to get a job, you should be able to get housing. And so, whether you think this is relevant or not, would you agree with me that it serves a different function than the rules of evidence do? The statute serves a different function? I mean, somebody shouldn't have to put, a landlord should not be allowed to let somebody rent from them who is, not only has a criminal history, but continues to act in a criminal manner. But if you can show you're rehabilitated, meaning I did commit a crime, but I'm better now. I don't do that anymore. I've matured. I've grown. Give me my certificate, and then I don't have to disclose that to a landlord. And that's what we're talking about. That's why we have this, right? So people can move on with their lives. Yes, I agree. I'm not, I think that's absolutely correct. But the rules of evidence are about, I mean, it serves a completely different function, right? I mean, the Supreme Court rules would never speak to something like this. That's what inherently legislative. Exactly.  So there is a disconnect, right? There is in a sense, but I think from what Your Honor is saying, the Supreme Court is not going to be in a position to pass a rule of evidence and then break that rule down into the various, it applies here, but it doesn't apply here. They passed a general rule. It doesn't have any exceptions to it. Okay. Can I try it this way? I understand your position. So there are three things in 609C, and then there's the catch-all, other equivalent procedure. Pardon, annulment, certificate of rehabilitation. Pardon is an executive power. It's a constitutional power. We pretty much know exactly what that means. Exactly. Annulment, you've got me. I don't know what the heck an annulment is. It's anonymous. I know. All marriages get annulled, but I've never heard of a conviction getting annulled. I've heard it being vacated, but not annulled. But I assume that refers to a vacater. But when we talk about certificate of rehabilitation, we are inherently talking about something that will be done by the legislative branch. I mean, I don't see it, or at least that would be the most likely place where that certificate would be created. It's not going to be created by executive order. I suppose it could be. But certainly one of the other branches of government is going to create it, right? And the Supreme Court, using that general phrase, certificate of rehabilitation, is they're not trying to be on the nose. They're not identifying any particular statute or anything, but they're saying there may be one. Some people already, they're looking down the road, but maybe, or maybe there's already one. We're just going to use this general language. But aren't they inherently deferring to the governmental body that creates it to tell them what it's for and what it's not for? I would say no, because they used specifically such broad language. Certificate of rehabilitation or other equivalent procedure. Well, that doesn't mean it's broad. It just means that I think that this certificate of rehabilitation has to be like an annulment, and it has to be like a pardon, and this equivalent has to be equivalent to those things, which means that you are fully pardoned from the offense. I don't see how, you know, you're saying that the certificate of rehabilitation is equal to a certificate of good conduct or it's the equivalent procedure of a certificate of rehabilitation, which we don't even have in Illinois. That we don't have it in Illinois doesn't mean that he was rehabilitated. So Your Honor is suggesting unless this person has something that says certificate on it, then he or she cannot take advantage of it. Well, why would the legislature choose to use language that is different than a certificate of rehabilitation? But I still, you know, if you haven't answered Justice Ellis' question. I think the question is what did the Supreme Court mean when it used a broad term or other equivalent procedure in a rule that specifically goes on to require a showing of rehabilitation? Well, I think Justice Ellis was pointing to the fact that an equivalent procedure might be something that is given by an executive branch or created by the legislature. That would seem to want to follow the last section of the rule, which talks about the fact that that person applying has to show rehabilitation. Whoever is getting the certificate of conduct has to show rehabilitation. The Supreme Court tied this together. It took rehabilitation and put it into the rule. It's not something that just sits out there in a vacuum. And the Supreme Court appears to have, whatever it might mean, the Supreme Court apparently has no problem with it because he used it. Well, there's two parts to it, too. But anyway, I still want to know what the legislature meant when they created the certificate of good conduct, and yet they told us that this certificate shall not limit or prevent the introduction of evidence of. And they also said that this thing is not a pardon. So isn't there some evidence there that the legislature does not consider a certificate of good conduct the same as a certificate of rehabilitation? And they're saying. I would disagree. A pardon is not a certificate. A pardon is not normally. A pardon is not a certificate of rehabilitation. The cases have said that a pardon. Right. People have lost in other States for that reason. But in this book, they're saying the legislature is telling us that a certificate of good conduct is definitely not a pardon. And you're saying that the legislature or the Supreme Court, when they talked about a conviction has been the subject of a pardon, a non-certificate of rehabilitation or other equivalent procedure, you're saying that they don't mean that these things are all similar? I don't. The legislature has not compared a certificate of rehabilitation and a pardon. Their statute doesn't break that down. The legislature hasn't said that one is not the other. No, they said a certificate of good conduct is not a pardon. Well, of course it's not. It's not. It's not. So isn't it not like a pardon? I mean, how is it an equivalent procedure? Something similar to that if it's definitely not a pardon? Because a pardon doesn't involve rehabilitation. And the Supreme Court rule looks to rehabilitation. One of the difficulties of this case is that, you know, we don't have any certificate of rehabilitation. You know, it doesn't exist in Illinois. And it apparently doesn't exist in most places. But the federal system has gone through a set of the cases over and over and looked at situations where somebody's had a conviction vacated. They've had it stricken or suppressed. The district court judgment. We didn't have that happen here, though. You would agree. This conviction was not vacated. No, but it was the subject of a certificate of good conduct. But his conviction was not vacated. No. It wasn't even expunged. It's out there. Which would not help us. Expulsion would help us. What do people do when they get these? I'm sorry? What can you do with a certificate of good conduct? It means, as I understand it, it means when I go to apply for a job and it says I've never been convicted, I can put no. I draw that from the various cases that we cited because some of the federal cases explain. That's exactly why the judge in Dole did what he did. Because a poor woman couldn't get a job. And he said, I'm going to give you a certificate of rehabilitation, even though it doesn't exist in the federal system. And our rule looks for it. And so you can get a job because now you can say truthfully, no, I wasn't convicted. That's what it does. Do you think there's any cases out there that say that a certificate of good conduct, a certificate of rehabilitation, is not, when it's granted, to relieve someone of these disabilities, that that's actually a statement that they should never be impeached again? No. What that says is that they have been rehabilitated. And once they have been rehabilitated. They can't be impeached ever again. That's right. Okay. That's how you read the statute. If that's what our statute says. Even though the legislature told us that it shall not limit or prevent the introduction of evidence, he does have a prior conviction. We would agree with that? Yes. Okay. For purposes of impeachment of a witness in a judicial or other proceeding where otherwise authorized by the applicable rules. And then it also says a certificate of good conduct may not in any way prevent any judicial proceeding, administrative licensing or other body or authority from considering the conviction specified. So what did they mean by that? The question is, what did the Supreme Court mean? It means it doesn't come in. Well, I think we know what the Supreme Court meant because they're comparing it to a pardon, an annulment, a certificate of rehabilitation, which we don't have in Illinois. But, no, I want to know what the legislature meant. Were they putting a little bit of a break on this certificate of good conduct? I'm not sure how to answer the question. The legislature would like to see convictions used continuously. The Supreme Court said no. That's the conflict. So going back to what the Supreme Court meant, what did the Supreme Court mean by the comment to rule of evidence that explains, quote, there is no current statutory rule of evidence that is in conflict with a rule contained in the Illinois rules of evidence. And that was that amendment that's good as of January 6, 2015. Correct. I believe the Supreme Court said we don't need to look to the comments. We're going to look to the statute and the rule for clarity. The other thing is the fact that a comment says something I don't think is going to be guidance as to what the rule necessarily means. Even if the Supreme Court says that there's no statutory rule of evidence that is in conflict? And yet we know there are because I've cited the other cases where there were conflicts. And the Court said there's going to be more conflicts in the rule because we're going to pass a new rule that's going to cause another conflict. No matter what the rule says, the reality is different. Hasn't the Illinois Supreme Court spoken on what they meant in 101? Not at all. It's a comment to a rule. I meant in any decision. Haven't they referred to this section? Yes. And they also said in the rule that it doesn't control. That's my point. Well, but just like if we were interpreting a statute that was ambiguous, we might look at the legislative history. If we have some ambiguity here in 609, at least when considered in conjunction with this 525, wouldn't the comments from the Supreme Court be very helpful to us? Are you saying we should not consider those comments? In this case, yes. Because when the comment is clearly wrong, when they pass the comment, there are already inconsistencies. The comment is wrong. That's right. You want us to put that in a judicial opinion? The Supreme Court was wrong, but they told us what they meant? The Supreme Court in the rule said we don't have to look at the comments. The comment doesn't apply. Does that involve an ambiguous Supreme Court rule or a clear and unambiguous one? They thought that was the clear rule, as we think it is here. No, it was the Supreme Court rule in that case that you're talking about. Yes. One that was ambiguous where they had to resort to extrinsic aides? No, that's what I meant. I understood. If it's unambiguous, I agree with you. We don't look at anything but the plain language. But wouldn't you agree that we have ambiguity here? No, I do not. It says, in the sense that I have to say that another equivalent procedure includes a certificate of conduct, if that's an ambiguity, then I have to concede there's some ambiguity. My answer to that is if we look across the country, every court that has looked at these kinds of things, various kinds of certificate, relief from disability, certificate of good conduct, has said if you've been rehabilitated, that's the key. The one case that went so far as to say we're going to imply rehabilitation. Which case was that? I'm sorry, Your Honor. U.S. v. Pagan. There's enough of them. Yeah. I know the case. In that case, the court said there was no finding of rehabilitation. But to get what you got, we're going to believe that the court in fact found you rehabilitated. It went that far to find rehabilitation. None of these courts have had trouble with what rehabilitation means that I can see. I mean, if this Court is going to say rehabilitation is an unknown term, to my knowledge, that's the first time that's going to have happened. I don't think we're going to try to define rehabilitation. If it's not going to be defined, then I suggest that the meaning that the Supreme Court apparently gave it, a very broad meaning, rehabilitation or any equivalent procedure, should be governed here. Well, the problem with that is that you're saying there's some specific definition of what a certificate of rehabilitation is. And, therefore, this is an equivalent procedure. I'm not saying there's a specific definition. I'm saying there's a definition out there of rehabilitation that I think is a common definition of rehabilitation. And the certificate of good conduct, because it requires rehabilitation, has to fall within whatever rehabilitation means. If he had to show himself rehabilitated, how did he not get a certificate of rehabilitation? Are those two different things? You know, the procedure, I don't really want to get into the procedure that took place before Judge Reddick. We have the petition in the record. It states how he's rehabilitated. There was a state's attorney, apparently, that was there and said we don't have any objections. And then the judge signed her name to a piece of paper. As far as we don't know if there was ever a hearing or anything.  And that's exactly what was missing from Your Honor's description. We know what went in and we know what came out. As I said before, we don't know what happened before here. Your Honor is falling into the same trap that my esteemed counsel is. Well, I don't think we're falling into any trap. This was a certificate of good conduct that was issued about three weeks, was it a month before the trial? That's correct. And in the petition, the petitioner said he was looking for employment. And he was, in fact, looking for employment. Well, I don't think that you want to say that. Because in a deposition he said he wasn't. Or maybe somewhere in the record he said he wasn't looking for employment. And we're going to go back into everything. If you recall, his doctor testified that I wanted him to go look for something. He needed to do some kind of work. Employment might be different than volunteer work. He was trying to go back into the community to do something. Those are different things. That's why we're free to go back and look at what happened before the criminal court. Now the court is going to be making the finding that apparently it disagrees with what happened there. No, we're not interested in that. I'm still trying to figure out what you think the language, what the legislature meant when they said that the Certificate of Good Conduct shall not, that it shouldn't prevent the impeachment of a conviction. This is still a conviction. But then you say, well, the Supreme Court has told us, no, this is a Certificate of Good Conduct, so? Because it's a Certificate of Rehabilitation because he was found rehabilitated. I can't say it. If I say it again, I'll be more than repeating myself. That's it. Do you think that you had an obligation to inform Union Pacific that you were seeking the certificate? No. There's nothing anywhere that suggests that you have to inform anybody, nor that they could take a role there. We're private. It's part of the criminal process, the statute. And there's a form that comes when you go to get a Certificate of Good Conduct. I believe it's in the record. If not, it's a matter of public record. It doesn't say about informing anybody. It relies upon the judge at that hearing and the state's attorney in private. I know. But do you think you should have told them? Should have or must? Those are two very different things. Should have. That's a trial court decision. I think not. No, it's not a trial court decision. It's an attorney on your side. Should you have told Union Pacific you were going to do this right before trial? If they had come to me for an opinion, I would say you don't have to because it's not required. Would it be nice if we told somebody that? There's a lot of things we're trying to do. What about ongoing discovery? I'm sorry? What about ongoing discovery? You know, a couple of weeks before the trial. Does this certificate sought for him to get a job or was the purpose to get to use it in emotional limine to bar the introduction or use of his prior conviction or impeachment? The record does not show any adverse influence to be drawn by what he did or when he did it. It's not there. The trial court judge never found that. The trial court judge is not going to do that. I'm not asking that, though. I'm asking, you know, what you're saying the purpose was to get an employment. He went to get a certificate of good conduct for whatever purpose it might be used. Its purpose might be broader than what we think. I don't know what he was looking to do. Well, either way, I think the statute is talking about relieving someone of a conviction so that they can get a job, so that they can, you know, get housing, and that's about it. But the Supreme Court didn't make the distinction that Your Honor is making. It said. No, the Supreme Court never used the words that you're importing the certificate of good conduct equals the same as a pardon, annulment, or a certificate of rehabilitation. That's right, because, as I've said, because a certificate of good conduct requires rehabilitation. The only thing missing is a label on his form that says certificate of rehabilitation instead of certificate of good conduct. From what we've just discussed, we've had here, if the title of that document is different, I win. If the title is different, I lose. That strikes me as a Dickensian distinction that doesn't reflect what the Supreme Court wanted here. If the Supreme Court wanted to limit its rule, as has been suggested here and as my opponent suggests, it could have said so. It knows how to do it. Instead it used a very broad term. Any other equivalent procedure, and we know it's an equivalent procedure. Do you think that impeachment in this particular case where most of the evidence was subjective, that there was a search for the truth here? There was a search for the truth here, and I'm watching my time. The trial court judge effectively said it doesn't really matter. This is so prejudicial. It's not coming in any way. When he said that, I thought he said he had no discretion as to whether he should admit this and was deeply troubled by it. I don't remember him saying this would be so prejudicial. I don't remember him doing anything under the Montgomery rule that even if I had to weigh this, the prejudicial value outweighs any probative value. You're saying the judge said that? The fact that he said he did not have discretion, he was talking about the fact that if the person before him had a certificate of rehabilitation or equivalent procedure, the judge had to buy the evidence. In the post-trial, in the trial hearing, there was a discussion about probative versus prejudicial. And when the motion in limiting was discussed, it appears to me, I can say what it appears to me, but I don't need to, because I can go to the post-trial hearing, and at the post-trial hearing, I believe, and I don't have the page right in front of me, the trial court judge said at one point it's too prejudicial, and he was referring to the conviction, not the other little things they wanted to go in. He was going to bar this as too prejudicial in the first place. Even if this court doesn't believe that's the case, if the court doesn't think the trial court judge reached that conclusion, then the case has to go back down to see if that trial court judge should reach that conclusion and give him that opportunity. Otherwise, I think the trial court judge believes he said this is just not coming in. It doesn't matter. I don't need the rule. It's not coming in. I think you're kind of maybe pushing the envelope. Yeah, I think so. I don't recall the judge taking that kind of position. I think he felt hamstrung because of the rule, good conduct, but I don't remember him going out on a limb. And you don't argue in your brief that the court found in any event that this would have been so prejudicial and of outweighed and prohibitive value that I would never let it in. I don't think the judge ever intimated anything like that in his brief. But if he did, we'll argue. But it's not something you argued. Can I ask the legal court to simply file a document that gives the page of the record? I can't find it. No, you didn't argue it in your brief. I'm sorry. That page is cited in the brief. That's where I took it from in the first place. Well, if it's in your brief. It's in point two of our brief where we talked about prohibitive versus prejudicial. Well, then we'll let you review your brief. You've already said it then. Yes. That would be fine. Thank you. Unless the court has further questions, we obviously ask for affirmation. Thank you. All right. Thank you. Do you remember the judge making a Montgomery-type ruling on this conviction? You were there, weren't you? I was not, Your Honor. Oh, okay. I'm the humble appellate counsel here. But I'm happy to start there. What you'll find when you review the record is that my brother counsel is absolutely mistaken. What he's citing in his brief, the trial court didn't make a 403 finding on the admissibility of the conviction. What it said was the other surrounding circumstances, like the fact that the plaintiff lied in his employment application about why he was let go from his prior job, that wasn't admissible because it was a piggyback ruling based on the admissibility of the conviction. And there the trial judge did suggest I might exclude some of this as well, given it would be prejudicial, because the conviction is not coming in. That is completely different than making a 403 finding on the admissibility of the conviction itself. I heard my brother counsel continually say that certificates of good conduct involve a finding of rehabilitation. That's true and that's not true, which I think all of your questioning really pointed out well. That's ignoring the scope of the inquiry that the criminal judge was tasked with. The function of a certificate of good conduct is in the context of employment, housing, and occupational licensing. Justice Ellis, you said it I think really elegantly when you said the legislature was just defining its own creation. Justice McBride, you said during your questioning my brother counsel said that you don't look at the purpose of the rule. That's absolutely wrong. The Supreme Court in DeRue said that that's wrong. This Court in the Diggs case said that that's wrong. And I think my brother counsel accidentally let that slip a little bit when the first sentence out of his mouth in his argument was that the rule here suggests a conflict. Well, if that's right, we win, because that's not a direct and irreconcilable conflict. There was some discussion about foreign authority. I can address that really quickly. None of plaintiff's cases from other jurisdictions have anything like Section 25b-2 in the statutes that are at issue there. None. So none of them are applicable on their face. There was some discussion about Rule 101 from Justice Van Tine and Justice Ellis. I think what the Supreme Court said when it said that the commentary wasn't binding was that it was not binding on the Supreme Court. It didn't say it was not binding on the appellate court, which I think your questioning went to, Justice Ellis. And, you know, nothing concentrates in mind like an oral argument. And when I was sitting there, it occurred to me that there's a paradox at the heart of my brother counsel's argument. If the statute is a violation of separation of powers, in other words, it's unconstitutional because it contradicts Montgomery Rule 609C, where does that leave the status of plaintiff's certificate of good conduct obtained under the supposedly unconstitutional statute? It seems the certificate would be a nullity. I don't know whether it would be an annulment. I don't think it would be. You don't think it would be? Why wouldn't it be? If the statute itself is unconstitutional and you obtained a certificate from an unconstitutional statute, then why would that kick in 609C? Well, if the portion of the statute that conflicts with the Supreme Court rule were invalidated, that wouldn't invalidate the whole statute. I think that would be a stronger point, Your Honor, if there was a severability clause in the statute and there's not. And there's – I think we've run a severability analysis as well because you have to look at the intention of the legislature. And a huge part of this statute is what certificates of good conduct cannot be used for. I don't see how that's severable. So it's either unconstitutional and whole or not at all. Okay. If there are no more questions, we'd ask for a new trial. I do have one question. I'm sorry. I know we're going long. 609C has Part 1 and Part 2. The first is whether the conviction has been the subject of the pardon, annulment, certificate of rehab, or other equivalent procedure. The second part says the procedure under which this thing was granted or issued required a substantial showing of rehabilitation or was based on innocence. That's not applicable here. Do you believe that this statute satisfies Part 2? No, because the statute is specifically aimed at rehabilitation for purposes of employment, housing, and occupational licensing, not some general grant of grace. But it doesn't say a general grant of grace. It says it required a substantial showing of rehabilitation. You don't think this statute that requires by clear and convincing evidence that you're rehabilitated, that's not a substantial showing of rehabilitation? I think it's clear and convincing evidence that you're rehabilitated for these purposes. And why are you rehabilitated for those purposes? Why? I'm not sure I understand the question. Well, let's talk about why. Why would that be? I mean, the statute says you're actually, it shows, you have to show by clear and convincing evidence, two things, that you have been a law-abiding citizen and you are fully rehabilitated, meaning you're trustworthy. You can get a job because you can be trusted not to commit a crime. You can live in somebody's dwelling because you can be trusted not to commit a crime. I think if you just view it that way, you're divorcing the question from the scope of the inquiry, and that's where I depart from Mr. Rathsack on how I read the statute. If, and I'm not trying to be cute about it, but if I asked you who the best running back of all time was and you said Walter Payton, well, you'd be right. But also, if I then turned to Justice McBride and I said, Justice Ellis said that Walter Payton is the greatest NFL player in all of history, and you say, no, I didn't. The scope of the inquiry defines the answer. You can't divorce the two. Thank you. Any additional questions? No, no. Thank you. Thank you, Justice. Thank you both. Yes, thank you both. Great job on the arguments, everybody. Very, very good ones. Okay, we will take this under advisement and issue a ruling shortly. All rise.